IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WALTER KEVIN DEAR                                                                                          PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 5:07cv15-DCB-MTP

CORRECTIONS CORPORATION OF AMERICA,
DR. HERRINGTON, NURSE MACKEY,
MISSISSIPPI DEPARTMENT OF CORRECTIONS
AND DR. KIM                                                                                             DEFENDANTS

ORDER

Upon consideration of the complaint submitted according to 42 U.S.C. § 1983 in the above entitled action and the plaintiff's response [8-1] filed March 14, 2007, the Court makes the following findings and conclusions.

In order to maintain an action pursuant to § 1983, the plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). According to the allegations of the complaint and his response [8-1], the plaintiff has asserted, at least on the face of complaint and response, an arguable claim against defendants Corrections Corporation of America, Inc., Dr. Herrington, Nurse Mackey, and Dr. Kim.

However, he cannot maintain this civil action against the Mississippi Department of Corrections. The United States Supreme Court stated in Will, that a state is not a "person" within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Hence, the Mississippi Department of Corrections will be dismissed as a defendant. Accordingly,

**IT IS THEREFORE ORDERED**

1. That the Mississippi Department of Corrections be dismissed with prejudice as a defendant in this action.

2. That the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted.  Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

3. That the United States District Clerk is hereby directed to issue summons to the defendants,

>CORRECTIONS CORPORATION OF AMERICA, INC.
>Registered Agent for service of process is C T Corporation
>631 Lakeland East Drive
>Flowood, MS 39232
>
>DR. HERRINGTON
>Wilkinson County Correctional Facility
>2999 Highway 61 N
>Woodville, MS 39669
>
>NURSE MACKEY
>Wilkinson County Correctional Facility
>2999 Highway 61 N
>Woodville, MS 39669
>
>DR. KIM
>Mississippi State Penitentiary
>Highway 49 West
>P.O. Box 1057
>Parchman, MS 38738

<u>requiring a response to the complaints</u>.  The Clerk is directed to attach a copy of this order; a copy of the order [6-1] filed March 1, 2007, and a copy of the response [8-1] filed March 14, 2007 to a copy of each complaint that will be served on the named defendants.  The United States

Marshal shall serve the same pursuant to 28 U.S.C. § 1915(d).

    4.  That the defendants each file his or her answer or other responsive pleading in this cause in accordance with the *Federal Rules of Civil Procedure* and the Local Rules of this Court. **However, motions addressing the exhaustion of the plaintiff's administrative remedies shall be filed within 15 days from the date of the Answer.**

    5.  That subpoenas shall not be issued except by order of the Court.  The United States District Clerk shall not issue subpoenas upon request of the pro se litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review.  The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office  for review.

    6.  That as provided in 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court may designate and assign a magistrate judge to hear a prisoner petition challenging the conditions of confinement.  This Court hereby refers this cause to **United States Magistrate Judge Michael T. Parker** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

    **The plaintiff should understand that this order allowing process to issue against the above named defendants does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.**

    **It is the plaintiff's responsibility to prosecute this case.  Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of**

**this case.**

SO ORDERED, this the   11th   day of April, 2007.

                              s/David Bramlette
                        UNITED STATES DISTRICT JUDGE